UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

v.

JULIUS BRUCE CHIUSANO,

       Defendant.
_____/

## OBJECTION TO AND MOTION TO QUASH OR MODIFY SUBPOENA

REPUBLIC SECURITY BANK ("Republic") by and through its undersigned counsel and pursuant to Rule 17, Fed.R.Crim.P. and § 655.059, Fla. Stat., hereby objects to and moves to quash or modify that Subpoena Duces Tecum served upon it in the above-captioned cause by Defendant, JULIUS BRUCE CHIUSANO ("Chiusano") seeking various banking records held by Republic and says:

    1.    On or about March 5, 2001, Chiusano served Republic with a subpoena duces tecum for the production of documents relating to bank accounts held at Republic (the "March 5 Subpoena"). A true and correct copy of the subpoena is attached hereto as Exhibit 1[1].

---

[1] Previously, on or about December 11, 2000 Chiusano served Republic with a subpoena duces tecum for production of various other records from the same account that is the subject of the March 5 Subpoena. Republic objected to the subpoena and received an order from the Court requiring it to produce the documents requested which has been done. However, since the present subpoena requests other and different documents and due to Section 655.059 Fla.Stat. (Florida's Bank Confidentiality Act) Republic, perhaps in an excess of caution feels obliged to object to the March 5 Subpoena as well.

2. Republic objects to and moves to quash or modify the March 5 Subpoena on the following grounds:

3. First, Republic is precluded from producing its books and records, including the account records sought by the March 5 Subpoena, by § 655.059, Fla. Stat., unless compelled to do so by a court of competent jurisdiction.

4. The subpoena requires compliance by March 20, 2001. This is an unreasonably short period of time for the production of the documents requested. Republic will require at least 30 days after service, or up to and including April 4, 2001 to produce the documents requested.

5. In addition, Republic should be compensated by Defendant for any reasonable labor and copying costs incurred in producing the documents requested.

WHEREFORE, Republic objects to the subpoena and requests the court to enter an order quashing same; or in the alternative modifying the subpoena to allow Republic up to and including April 4, 2001 to comply therewith and to require Defendant to pay the costs incurred by Republic in complying with the subpoena.

## MEMORANDUM OF LAW

Section 655.059, Fla. Stat. states in pertinent part:

> "the books and records of a financial institution are confidential and shall be made available for inspection and examination only...
>
> as compelled by a court of competent jurisdiction..."

Violation of § 655.059, Fla. Stat. is a felony of the third degree. As such, Republic is absolutely precluded from producing the documents requested without the order of a court of competent jurisdiction.

In addition, in order to locate and produce the documents, Republic will have to divert employees from their normal duties. Republic estimates that several hours of employee time at $25 per hour will be necessary in order to locate and reproduce the requested documents.

Furthermore, at present the subpoena requires compliance by March 20, 2001. As noted above, Republic estimates it will require at least 30 days from the date of service of the subpoena, or up to April 4, 2001 to produce the documents requested.

Therefore, to the extent that the court orders Republic to comply with the subpoena and produce the documents, Republic would request that the court modify the subpoena to require Defendant to pay Republic reasonable labor costs incurred in locating the documents together with any copying costs incurred by Republic in the production of the documents as a condition to Republic's production of same; and to allow Republic up to and including April 4, 2001 to produce the requested documents.

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.,
Attorneys for Republic Security Bank
One Biscayne Tower - 35th Floor
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No. 305-376-6000
Fax No. 305-376-6010
E-Mail: jhart @gunster.com

By: _____
JEREMY J. HART
Florida Bar No. 510645

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was sent by U. S. Mail this __6__ day of March, 2001 to Donald R. Spadaro, Esq., 1000 South Federal Highway, Suite 103, Ft. Lauderdale, Florida 33316 and Brian McCormick, Esq., Assistant United States Attorney, U.S. Attorney's Office, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, Florida 33394.

By: _____
       Jeremy J. Hart

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court
## Southern District of Florida

CASE NUMBER: 00-6309CR-SEITZ

UNITED STATES OF AMERICA

    V.

JULIUS BRUCE CHIUSANO,

SUBPOENA IN A CRIMINAL CASE

TO: REPUBLIC SECURITY BANK - ATTENTION: ROBIN STEVENS
4491 SOUTH STATE ROAD #7, DAVIE, FLORIDA  33314

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE  LAW OFFICE OF DONALD R. SPADARO<br>1000 South Federal Hwy., Suite 103<br>Ft. Lauderdale, FL 33316<br>Telephone: 954-763-5504 | COURTROOM |
|---|---|
| | DATE AND TIME  TUESDAY, MARCH 20, 2001 |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
Bank Statements for I.H.WEISS, INC., ACCOUNT #0173004466 for the months July 1999, September 1999, October 1999, and December 1999. Any and all copies of July 7, 1999 deposit including deposit slip and check payable to IGT, Inc. (International Gaming & Trust); July 28, 1999 deposit, including deposit slip and check payable to IGT, Inc. (International Gaming & Trust) in the amount of $15,000.00; September 30, 1999 deposit, including deposit slip and check payable to IMC, Ltd. in the amount of $10,000.00; December 1, 1999 deposit, including deposit slip and three checks payable to International Mercantile Corp., totaling $30,000.00; and December 29, 1999 deposit, including deposit slip and check payable to IMC, ltd. in the amount of $10,000.00.

U.S. MAGISTRATE JUDGE OR CLERK OF COURT 

(BY) DEPUTY CLERK

DATE

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER
DONALD R. SPADARO, ESQUIRE
1000 South Federal Highway, Suite 103
Fort Lauderdale, Florida  33316

Telephone: 954-763-5504


EXHIBIT "1"