UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA.

CASE NO: 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

JULIUS BRUCE CHIUSANO,

    Defendant.
_____/

### DEFENDANT, CHIUSANO'S OBJECTIONS TO PRESENTENCE REPORT

COMES NOW, the Defendant, JULIUS BRUCE CHIUSANO, by and through undersigned counsel pursuant to Rule 32 of the Federal Rules of Criminal Procedure, and files this his Objections to the Presentence Report dated November 2, 2001, and would state his objections as follows:

1. That the Defendant hereby objects to the inclusion in his presentence investigation report specifically on Page 6, Paragraph 11, to the reference to the Trafficante Organized Crime Family. That the inclusion of this reference in the presentence report is prejudicial to the Defendant and the Defendant asserts that he was never knowingly involved, nor did he knowingly associate with the Trafficante Organized Crime Family, and as such the Defendant respectfully requests that any reference be redacted from his presentence investigation report.

2. The Defendant would object to the inclusion in Paragraph 12 to an association with Steve Raffa. The Defendant CHIUSANO would assert that he has never met Mr. Raffa, nor was aware of any associations of Mr. Raffa with the Trafficante Organized Crime Family. As such, the Defendant respectfully requests this reference be deleted from his presentence investigation report. In fact the first time the Defendant CHIUSANO saw Mr. Raffa was in the holding cell of the F.B.I. office subsequent to his arrest on October 26, 2000.

3. The Defendant would specifically object to the reference in Paragraph 17 that Check Cashing Unlimited II, located in Wilton Manors, Florida was owned by Julius Bruce Chiusano. The Defendant, JULIUS BRUCE CHIUSANO, at no time was an owner of Check

1

Cashing Unlimited II. However, the Defendant CHIUSANO entered into a partnership arrangement with the owner Irving Weiss such that he and Weiss would share in the profits of the business. That in order to clarify the Defendant's position, Defendant would assert the following:

    A.    The Defendant CHIUSANO was not in a financial position to qualify as an owner of a check cashing store due to the fact that: (1) he did not have the necessary capital of $50,000.00 to qualify for the licensing of a check cashing store, nor did CHIUSANO have the bank requirements of security such as certificates of deposit and working capital.

    B.    That Mr. Irving Weiss had the necessary funds and the necessary security to qualify for the check cashing licensing. In fact, Mr. Weiss on numerous occasions represented that he and his wife were the sole owners of Check Cashing Unlimited II and all of its assets. Specifically, in October 1999 during a birthday party for an employee Chester Potach, both Mr. and Mrs. Weiss made reference that they were the sole owners of the business and its assets, and further representing that Defendant CHIUSANO did not own any of the assets, monies, or had any control over any bank accounts associated with Check Cashing Unlimited II. The Defendant has several witnesses to this fact and is prepared to present testimony should this Honorable Court desire corroboration.

    4.    The Defendant CHIUSANO would object to the allegations contained in Paragraph 18 and would request the Court to redact the representation that Defendant CHIUSANO was a "secret owner" of Check Cashing Unlimited II. Further, the allegation that CHIUSANO could not be named as the owner of record because of his questionable financial background is inaccurate. The Defendant CHIUSANO would assert that the only questionable financial background that he has any knowledge of is a 1993 I.R.S. Lien in reference to early withdrawal of monies from a pension fund. Defendant is unaware of any other questionable financial background preventing him from ownership. Further, the Defendant had no prior criminal background that would prevent him from becoming the owner of the check cashing store. Defendant CHIUSANO would also object to the allegation that he conspired with members of the Trafficante Family and would assert that **he never knowingly** conspired with members of the **Trafficante Family**, but rather admits that he did negotiate checks tendered by Joseph Spitaleri.

    5.    The Defendant would object to the allegation contained in Paragraph 19 as neither

Defendant CHIUSANO, nor Irving Weiss at the time of the introduction by Defendant Mamone of Defendant Spitaleri knew the specifics of a fraudulent scheme that was the source of the checks presented by Joseph Spitaleri. Further, although Defendant CHIUSANO admits that he was aware of Mr. Spitaleri's telemarketing background, he was not aware of the specific scheme to defraud investors/victims. However, based upon the nature of the transactions/checks from Defendant Spitaleri, CHIUSANO suspected that the source was from illegal activity.

6. That as to Paragraph 20, the Defendant would object to the statement that he assisted Spitaleri and Mamone in concealing the source and location of the proceeds obtained from mail and wire fraud. In fact, the Defendant would admit that he assisted Spitaleri, however was unaware of any relationship between Spitaleri and Mamone, nor was he aware of the specific nature of the source of the funds.

7. The Defendant would object similarly to the allegations in Paragraph 21 as Defendant CHIUSANO assisted Defendant Spitaleri and not Defendant Mamone in the negotiation of checks.

8. That Defendant would object to the inclusion of Paragraph 23 in this presentence investigation report as the Defendant has no knowledge of Giuseppe Bellitto nor did he participate in any way in Bellitto's sports bookmaking operation.

9. The Defendant would object to the allegation in Paragraph 26 once again asserting that Defendant was the owner of Check Cashing Unlimited II and would reassert the previous objection that in fact the Defendant Irving Weiss and his wife owned the assets and operated the corporation.

10. In response to Paragraph 33 the Defendant desires to clarify that he personally did not receive any financial benefit from his actions, other than the standard share in the profits (i.e., 3% of the total check amount) with Irving Weiss.

11. The Defendant would specifically object to Paragraph 41 as the Defendant has previously admitted that he transacted checks received from Joseph Spitaleri in the amount of $56,190.00. The Defendant further clarifies that he never denied that he was in a partnership with Irving Weiss wherein they would split the profits from the Check Cashing Unlimited II. Defendant specifically denied that he was an owner in the business. Further, Defendant asserts

and would present evidence that in fact when Irving Weiss sold the corporation known as I.H. Weiss, Inc., that the Defendant CHIUSANO received no proceeds from the sale of the corporation, nor was involved in any of the negotiations for the sale of said business. As such, Defendant respectfully requests this Honorable Court to find that he has accepted full responsibility for the conduct that he is responsible for as set forth in Count 6 of the superseding Indictment and respectfully requests this Honorable Court permit a three-point acceptance of responsibility of reduction in the total offense level.

12. The Defendant would object and clarify as in Paragraph 52 that the Defendant's home located at 870 Edgewater Avenue, Ridgefield, New Jersey was not foreclosed on for failure to make the mortgage payments. In fact, the home was sold to Ronald Jefferies and Russell Policastro.

13. Paragraph 65, the Defendant respectfully desires to clarify that during his tour of duty in Vietnam the **Defendant's Unit** received the Presidential Citation.

14. The Defendant would object to the assertion in Paragraph 69 made by Defendant, Irving Weiss, that Weiss jointly owned Check Cashing Unlimited II in Wilton Manors with Defendant CHIUSANO. Defendant CHIUSANO reasserts his previous objection and is willing to present testimony that the assertions by Irving Weiss are not true. In fact, Defendant Irving Weiss, on numerous occasions indicated that he and his wife were the sole owners of the Check Cashing Unlimited II. The Defendant has admitted that he and Weiss had a partnership agreement that they would share in the profits of the business. Further, the Defendant CHIUSANO would dispute that Weiss spent $200,000.00 on the business, when in fact Mr. Weiss spent in excess of $380,000.00 in establishing the business. Defendant CHIUSANO would further object to the assertion by Irving Weiss that Defendant CHIUSANO cashed counterfeit checks. Defendant CHIUSANO is prepared to present evidence that Defendant Weiss as well as his brother Marvin Weiss negotiated in excess of $100,000.00 in "bad checks" without the knowledge of Defendant CHIUSANO. Defendant CHIUSANO would dispute and demands strict proof that Weiss sold the business to CHIUSANO in March 2000, and is further unaware of the allegations that Weiss received $26,000.00 in receivables from bad checks. To the contrary, Defendant, Irving Weiss, sold the business known as I.H. Weiss, Inc. d/b/a Check Cashing Unlimited II to Reggie Moreau

the former owner of Shooter's Restaurant. Defendant CHIUSANO further asserts that none of the proceeds from said sale were received by him nor did he participate in any way in the negotiations of the sale of I.H. Weiss, Inc. d/b/a Check Cashing Unlimited II. Defendant CHIUSANO further asserts that upon receipt and review of the instant presentence investigation report that he contacted the former manager of the check cashing store, to-wit: Mark Modest who corroborated that Defendant CHIUSANO had no part in the negotiations, nor sale of Check Cashing Unlimited II.

WHEREFORE, based upon the foregoing, the Defendant, JULIUS BRUCE CHIUSANO, respectfully requests this Honorable Court consider the objections and sustain the objections as asserted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided to Brian McCormick, Assistant United States Attorney, United States Attorney's Office, 299 East Broward Boulevard, Fort Lauderdale, FL 33301, U.S. Mail Delivery; Thomas E. Felasco, U.S. Probation, Room 315 U.S. Courthouse, 300 NE First Avenue, Miami, Florida 33132-2126, by Hand Delivery, and the original hereof filed with the Clerk of the Court, by Hand Delivery, this 6th NOVEMBER 2001.

Respectfully submitted,

DONALD R. SPADARO, P.A.
Attorneys for DEFENDANT/CHIUSANO
1000 South Federal Highway
Suite 103
Fort Lauderdale, Florida 33316
Telephone: (954) 763-5504

By: _____
DONALD R. SPADARO, ESQUIRE
Florida Bar No.: 320341